IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Rhonda K. Jones, )
    Plaintiff, )
)
v. ) 1:10cv1042 (AJT/TRJ)
)
Officer A. J. Catoggia, )
    Defendant. )

FILED
JAN -3 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Rhonda K. Jones was a Virginia inmate when she filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, principally alleging that she was the victim of excessive force at the Richmond City Jail ("RCJ"). Plaintiff applied to proceed in forma pauperis in this action.[1] After reviewing plaintiff's complaint, the claims against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2]

---

[1] On December 13, 2010, plaintiff notified the court that she has been released from incarceration after being found not guilty of the charges she faced on November 30, 2010, and she reports that she currently is homeless and without income.

[2] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

I.

Plaintiff alleges that before she was arrested on unspecified charges on May 22, 2010, she was hit on the head "numerous times ... with a metal bat" by an individual named Tiki Bahar. After plaintiff was handcuffed, her head and left hand were bandaged by paramedics within sight of Officer A. J. Catoggia. While plaintiff was standing in line at booking, she told Officer Catoggia that the pain in her head was excruciating, but he responded just shut up and stay in line. Plaintiff then began to see flecks of light, and she fell down a five-foot ramp, striking her head on the concrete floor. Instead of summoning medical help for plaintiff, Officer Catoggia "roughly yanked [plaintiff] up by [her] left arm," and bent the arm and wrist to cause plaintiff pain. Officer Catoggia then "shoved" plaintiff into a cell and did not let anyone know that she needed medical attention. Subsequently, plaintiff informed the doctor at the RCJ that she had a "serious brain injury" and was experiencing migraine headaches and pain in her neck and back, because prior to falling off the ramp during the booking process she had been hit on the head several times with a metal bat. Plaintiff reports that she subsequently was seen at Medical College of Virginia on four occasions, where she received an MRI and x-rays of her chest and left hand. Attached as an exhibit to the complaint are copies of plaintiff's discharge instructions from the emergency department at the VCU Medical Center, dated May 22 and June 14, 2010, which indicate that she also underwent a "brain scan" at that facility.

In this action, the sole named defendant is Officer Catoggia. Plaintiff asserts that he had no right to move her after she fell off the ramp during the booking process because he had watched the paramedics bandage her head and thus was aware that plaintiff had been injured. As relief, plaintiff seeks an award of $850,000 in damages for her needed neurological and psychiatric care. She also

states that she wishes to file assault charges against Officer Catoggia. Plaintiff includes a single sentence in the complaint that she was "deprived of medical care" at RCJ. Compl. at § E.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited

3

with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

Construing plaintiff's complaint liberally, it appears that plaintiff intends to assert a claim against Officer Catoggia for his use of excessive force after she fell while being booked. In determining whether a complaint states an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). The Eighth Amendment generally excludes from constitutional recognition *de minimis* uses of physical force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernable injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Nonetheless, "[i]njury and force ... are only imperfectly

4

correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Here, pursuant to these authorities, plaintiff fails to state a claim that Officer Catoggia's application of force violated her rights under the Eighth Amendment. According to plaintiff, defendant Catoggia's use of force consisted of "roughly yank[ing]" plaintiff off the floor after she fell and bending her left arm in a painful manner, and then "shov[ing]" her into a cell. Taken as true, as they must be at this stage of the proceedings, these allegations fall short of indicating that Officer Catoggia maliciously and sadistically applied unnecessary force with the intent of causing plaintiff harm. Cf. Hudson, 503 U.S. at 7. Instead, defendant's actions in assisting the obviously injured plaintiff up from the concrete floor where she fell and placing her in a cell rather than returning her to the booking line would seem to indicate that defendant acted appropriately in the context of the situation. The fact that he may not have been as gentle with plaintiff as she would have wanted, standing alone, does not bespeak a violation of contemporary standards of decency, such that an Eighth Amendment claim would lie. Id. To be sure, plaintiff clearly was suffering from significant injuries at the time this incident occurred, but the injuries according to her own allegations were caused by plaintiff's being beaten with a metal bat by Tiki Bahar, rather than by any action or inaction on the part of the defendant.[3] Under these circumstances, plaintiff fails to state a claim for use of excessive force against Officer Catoggia, so her claim against him will be dismissed pursuant to § 1915A.

---

[3]On both of her exhibits, plaintiff indicates that Tiki Bahar gave a sworn statement on July 1, 2010, admitting that she assaulted plaintiff with a metal bat on May 22, 2010.

As noted above, plaintiff makes two allusions in the complaint to being denied medical care. First, she states that when Officer Catoggia placed her in a cell after she fell he failed to let anyone know that she needed medical attention. Plaintiff also includes an otherwise unexplained statement that she was deprived of medical care at RCJ, and she names no defendants in connection with that allegation. Under other circumstances, plaintiff in light of her pro se status would be allowed an opportunity to cure that deficiency, but in the present case such an action would be futile, because it is apparent that plaintiff states no claim of constitutional dimension with respect to her medical care.

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental

fairness." Id. (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Pursuant to these authorities, it is apparent that plaintiff did not suffer an actionable deprivation of her Eighth Amendment right to adequate medical care. Assuming without deciding that plaintiff's head and hand injuries were sufficient serious to warrant constitutional protection, Cooper, 814 F.2d at 945, plaintiff's own allegations and exhibits make it clear that RCJ officials were not deliberately indifferent to those conditions. On the contrary, plaintiff states, and her exhibits confirm, that after the incident in the booking line on May 22, 2010, she was seen at VCU Medical Center on that same date, and again on June 14, 2010. Plaintiff alleges that she was taken to the hospital for additional appointments on June 18 and June 20, 2010. During the course of these visits she underwent numerous medical tests, including an MRI, a "brain scan," and x-rays of her chest and hand. Such care belies any suggestion that plaintiff experienced deliberate indifference to her medical needs by either actual intent or reckless disregard, cf. Estelle, 429 U.S. at 106, so no claim that plaintiff suffered a violation of her Eighth Amendment rights with respect to her medical care at RCJ will lie.

In addition to the foregoing claims, plaintiff also includes in the complaint several references to defendant's alleged "negligence" and "assault." To the extent that plaintiff intends to raise state tort claims based on those references, no federal question is presented. See Daniels v. Williams, 474 U.S. 327 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official."). As these claims do not "arise under the Constitution, laws, or treaties of the United

States," no original federal question jurisdiction exists to entertain them. 28 U.S.C. § 1331. Nor is there any allegation on the face of the complaint which would confer federal diversity jurisdiction over such claims. 28 U.S.C. § 1332. Because plaintiff's § 1983 claims over which this court otherwise would have original jurisdiction are subject to dismissal, as discussed above, there remains no basis to exercise supplemental or pendant jurisdiction over her tort claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); White v. Ammar's, Inc., 1988 WL 1077 at *1 (4th Cir. 1988) ("Because there is no subject matter jurisdiction, White's additional claims regarding pendant jurisdiction were properly dismissed.") As it thus is clear from the face of the complaint that subject matter jurisdiction over plaintiff's arguable tort claims does not exist, they will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[4]

Accordingly, it is hereby

ORDERED that plaintiff's claims for relief under 42 U.S.C. § 1983 be and are DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[5] this dismissal may affect her ability to proceed in forma pauperis in future civil actions; and it is further

---

[4] In light of plaintiff's pro se status, the Court notes that nothing in this Order would preclude plaintiff from seeking relief for the harm she asserts in a state tort action, should she desire to do so.

[5] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED as moot; and it is further

ORDERED that plaintiff's tort claims be and are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 3rd day of January 2011.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

9